IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIJAH J. LASHLEY, SR., | ) | CASE NO. 4:17 CV 1645 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN BRIGHAM SLOAN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] in the matter of the *pro se* petition of Elijah J. Lashey, Sr., for a writ of habeas corpus under 28 U.S.C. § 2254[2] are motions by the State to vacate my order to file an answer or return of the writ or to dismiss without prejudice,[3] and a supplemental motion raising the same grounds,[4] which itself has been supplemented by an additional filing.[5]  Lashey has responded in opposition to the supplemental motion.[6]

For the reasons that follow, I recommend dismissing the petition with prejudice, although for reasons different than those presented by the State.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered on August 11, 2017.

[2] ECF # 1.

[3] ECF # 8.

[4] ECF # 10.

[5] ECF # 11.

[6] ECF # 12.

Initially, it is noted that the original motion was grounded first on the State's observation that Lashey had not signed his petition for habeas relief, and he had further not "provided the pertinent information [so as] to enable the Court to review the petition under Rule 4 of the Rules Governing Section 2254 cases, and to enable the Respondent to respond under Rule 5."[7]  In addition, the State argued that the petition is liable to dismissal because Lashey has failed to exhaust his claims in state court, and rather is instead "seeking to use this federal habeas petition for the impermissible purpose of staying (and thereby preventing) resentencing proceedings in state court."[8]  To that end, the State observes that Ground One of the petition does not allege an existing federal constitutional violation but rather contends that Lashey's due process rights "are about to be" violated" in his resentencing.[9]

Subsequent to this motion by the State, Lashey submitted a signed affidavit verifying the original petition.[10]  The State, however, has renewed the motion to dismiss by noting that the petition should still be dismissed because the claim is unripe, in that resentencing has not yet occurred.[11]

Lashey, for his part, maintains that his resentencing claim is ripe for review because, in matters of double jeopardy, the constitutional violation occurs when the defendant is

---

[7] ECF # 8 at 1.

[8] *Id*. at 2.

[9] *Id*. at 3 (quoting ECF # 1 at 2).

[10] ECF # 9.

[11] ECF # 10 at 2.

Case: 4:17-cv-01645-BYP  Doc #: 14  Filed: 01/30/18  3 of 7.  PageID #: 146

exposed to an unconstitutional second punishment, and does not have to wait for the second punishment to actually occur.[12]  Lashey contends that in his case he was sentenced on March 15, 2016, at which hearing he did not receive consecutive sentences, and again on April 29, 2017, where again no consecutive sentences were imposed.[13]  He maintains that the double jeopardy violation will occur when the trial court resentences him according to a May 26, 2017 mandate from the Ohio appeals court which directs the trial court to impose consecutive sentences.[14]

The circumstances of Lashey's sentencing are relatively complex.  As the Ohio appeals court stated in its May 26, 2017 order remanding the matter to the trial court for issuance of a *nunc pro tunc* sentencing entry, the trial court initially failed to make the required factual findings at the first sentencing hearing.[15]  But, as the court further stated, before any sentencing entry was issued, the trial court reconvened the parties for another sentencing hearing at which it then made the required consecutive sentence findings.[16]

But, despite this remedial action of making the requisite findings at the second hearing, the trial court then failed to incorporate those specific findings into the judgment

---

[12] ECF # 12 at 3 (citing *Harper v. State of Ohio*, 128 F.3d 322, 325-26 (6th Cir. 1997)).

[13] *Id*. at 4 (citing record).

[14] *Id*.

[15] ECF # 10 at 3 (quoting appellate court decision).

[16] *Id*.

entry.[17]  Accordingly, the matter was remanded for the limited purpose of issuing a *nunc pro tunc* sentencing entry that "includes the applicable specific consecutive sentence findings" that were already made at the second sentencing hearing.[18]

The State here, as noted, argues that any double jeopardy claim arising from the imposition of consecutive sentences is now premature because that sentence has not yet been imposed in final form.  More importantly, the State further observes that Lashey has not appealed from the decision remanding his case for entry of a *nunc pro tunc* resentencing order, nor has he - or could he - appeal from the resentencing that has not yet occurred.[19] Thus, as the State asserts, the sole ground of this petition is a single unexhausted claim that Lashey's double jeopardy rights "are about to be violated" when he is resentenced on remand.[20]

A proper analysis of the present situation must begin with an understanding of the nature and legal effect of a *nunc pro tunc* order in Ohio courts on a subsequent claim of double jeopardy.  As Magistrate Judge Parker recently observed, a habeas petitioner may not claim that a trial court's correction, by a *nunc pro tunc* order, of a clear error in its judgment

---

[17] *Id*. at 4.

[18] *Id*.

[19] *Id*. at 8.

[20] *Id*. The State also notes that while Lashey appears to raise the double jeopardy ground in a July 18, 2017 motion for release from custody made to the trial court, he never appealed to the Ohio appellate court from the denial of that motion.

entry thereby exposed the petitioner to double jeopardy.[21] Magistrate Judge Parker pointed out that Ohio law states that the appropriate remedy for a clerical mistake in a judgment is a *nunc pro tunc* entry, which entries are limited to accurately reflecting "what the court actually decided" in the first place.[22] Thus, Magistrate Judge Parker concluded, a trial court that corrects a judgment entry to reflect its original decision does not offend the principles of double jeopardy by doing so.[23]

Here, the trial court has not yet entered the *nunc pro tunc* order specified in the remand from the appeals court.[24] That said, as noted above, a *nunc pro tunc* correction of a clerical error in a sentence - so as to accurately reflect what the trial court originally decided - does not expose the defendant to double jeopardy nor does it constitute a new judgment against the defendant that would restart the federal AEDPA limitations period.[25] Indeed,

---

[21] *Dukles v. Chuvalas*, No. 1:15 CV 2164, 2017 WL 3447830, at * 12 (N.D. Ohio July 5, 2017).

[22] *Id*. (citing *State ex rel. Fogle v. Steiner,* 74 Ohio St. 3d 158, 164 (1995)).

[23] *Id*. I note that *Dukles* does not conflict with the Sixth Circuit's holding in *Crangle v. Kelly*, 838 F. 3d 673 (6th Cir. 2016). *Crangle* dealt with a *nunc pro tunc* order that improperly went beyond simply restating the trial court's original sentence, which sentence had then been incorrectly entered, and instead altered or amended the sentence to impose a materially different sentence. As Magistrate Judge Parker observed, *Crangle* does not apply when the *nunc pro tunc* order merely corrects the record to reflect the trial court's original action, which had been incorrectly entered. *Camara v. Haviland*, No. 3:16 CV 756, 2017 WL 6459592, at *7 (N.D. Ohio Oct. 6, 2017)). Here, where the trial court has not yet entered the *nunc pro tunc* order set out in the remand from the appeals court, the federal habeas court may assume that the trial court will correctly follow the mandate of the appeals court.

[24] *See*, ECF # 10 at 7.

[25] *Camara*, 2017 WL 6459592, at * 8.

contrary to the State's view that the present petition is unexhausted because Lashey retains the ability to appeal from the forthcoming *nunc pro tunc* entry,[26] *"nunc pro tunc* orders [in Ohio] do not create new substantial rights that entitle defendants to new appeals."[27]  Simply put, "Ohio law does not permit an appeal from a judgment entry changed *nunc pro tunc*."[28]

Thus, for the reasons stated, there is no basis for awaiting a potential appeal from the forthcoming *nunc pro tunc* entry.  If, however, the trial court were to exceed its mandate and impose a "substantially changed" sentence upon the entry of the *nunc pro tunc* sentence, then a new one-year AEDPA period would arise, and Lashey would be free to file for habeas relief based on that new sentence.  But, as of now, there is no claimed violation in the original sentence in the present petition, and the alleged violation - purportedly arising from double jeopardy due to resentencing with a *nunc pro tunc* clerical revision - does not state a cognizable claim for relief.  As further noted, should the resentencing exceed the mandate of the remand, Lashey would have the ability to seek habeas relief from that event.

Accordingly, I recommend granting the State's motion to dismiss, although for reasons different from those advanced by the State.

---

[26] ECF # 10 at 7-8.

[27] *Davis v. Coleman,* 5:11 CV 996, 2012 WL 967300, at * 6 (N.D. Ohio March 6, 2012)(citations omitted).

[28]  *Id*. As Magistrate Judge Burke explained in *Davis*, an appeal is permitted from the original judgment entry and not the corrected entry. *Id.* Grounds for a new appeal arise only if the new entry "substantively changes the judgment." *Id*. (citation omitted).

Dated: January 30, 2018                         s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the
Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file
objections within the specified time waives the right to appeal the District Court's
order.[29]

---

[29]*See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*,
474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).