PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ELIJAH J. LASHLEY, SR., | ) | |
| | ) | CASE NO. 4:17CV1645 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN BRIGHAM SLOAN, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 10] |

*Pro se* Petitioner Elijah Lashley, Sr. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging one ground of relief that challenges the constitutional sufficiency of his conviction in Mahoning County Court of Common Pleas Case No. 2015 CR 563. The case was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). Respondent filed a motion to vacate order for an answer, or in the alternative, a motion to dismiss without prejudice the unsigned, unverified, and unexhausted petition. ECF No. 8. In response, Petitioner filed an "Addition" to his petition meant to provide a missing signature and verify facts earlier submitted. ECF No. 9. Respondent then filed a supplemental motion to dismiss. ECF No. 10. The magistrate judge issued a report recommending that the motion to dismiss be granted on grounds other than those Respondent raised. ECF No. 14. Petitioner filed timely objections. ECF No. 15. The Court, after reviewing the objections, hereby adopts the report and recommendation, and dismisses the petition for the reasons given by the magistrate judge.

## I. Background

Petitioner pleaded guilty to two counts of kidnapping and two counts of felonious assault. The trial court sentenced Petitioner to ten-year concurrent sentences for the kidnaping charges and three-year concurrent sentences for the felonious assault charges. The felonious assault sentences were to run consecutive to the kidnapping sentences. The trial court, however, did not make any consecutive sentence findings. It reconvened the parties for a sentencing hearing before it entered the sentencing entry. The trial court then sentenced Petitioner to the terms it previously described, including consecutive sentences. The trial court issued its sentencing entry on May 9, 2016. But when it did so, it failed to include the consecutive sentencing findings.

Petitioner filed a delayed appeal to the Ohio Seventh District Court of Appeals. The Seventh District remanded the case to the trial court for the trial court to issue a *nunc pro tunc* sentencing entry that included applicable consecutive sentence findings. *State v. Lashley*, 7th Dist. Mahoning No. 16MA0094, 2017-Ohio-4026.

Petitioner did not appeal the Seventh District's decision. Instead, Petitioner filed the present habeas action.

Respondent filed a motion to dismiss, arguing, among other things, that Petitioner failed to sign his petition. ECF No. 8. After Petitioner corrected this error (*see* ECF No. 9), the magistrate judge denied Respondent's motion as moot. ECF No. 13.

After Petitioner corrected his petition, Respondent filed a supplemental motion to dismiss. ECF No. 10.

In his Report and Recommendation granting Respondent's supplemental motion to dismiss, the magistrate judge held that re-sentencing Petitioner using a *nunc pro tunc* order does not raise Double Jeopardy concerns.[1]

On July 3, 2018, the trial court re-sentenced Petitioner in a *nunc pro tunc* order. He received sentences of 10 years on each of the kidnapping charges and sentences of three years on each felonious assault charge. The kidnapping sentences run concurrent to each other; the felonious assault sentences also run concurrent to each other. The kidnapping sentences are consecutive to the felonious assault sentences.

**II. Standard of Review for a Magistrate Judge's Report and Recommendation**

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Petitioner has properly objected.

---

[1] Respondent's motion was based on a failure to exhaust. Although the magistrate judge granted the motion, he did so under a rationale different than exhaustion.

(4:17CV1645)

### III. Discussion

Petitioner makes three objections to the Report and Recommendation. First, Petitioner contends that Respondent failed to show the true cause of his custody. ECF No. 15 at PageID #: 151-52. Second, Petitioner argues that the magistrate judge mischaracterized his Double Jeopardy claim as a matter of state law. *Id.* at PageID #: 152-53. Third, Petitioner asserts that the magistrate judge failed to analyze properly whether Petitioner's claim was exhausted before he filed his habeas action. *Id.* at PageID #: 154. None of these objections are well-taken.

As to Petitioner's first two objections, entering a *nunc pro tunc* judgment entry that corrects a prior error does not implicate Double Jeopardy. *Dukles v. Chuvalas*, No. 15CV2164, 2017 WL 3447830, at *11-14 (N.D.Ohio Jul. 5, 2017) (Parker, Mag. J.) *adopted by* 2017 WL 3438552 (Aug. 10, 2017) (appeal pending). In the present case, much like in *Dukles*, the use of a *nunc pro tunc* judgment only corrected a judgment; therefore, it "was not a reconsideration of a valid final judgment."[2] *Id.* at *13, n. 7 (quotation and emphasis omitted). Because the *nunc pro tunc* entry was clerical, rather than substantive, Petitioner's first two objections lack merit, as they do not implicate Double Jeopardy.[3]

---

[2] The trial court issued a *nunc pro tunc* judgment entry after the magistrate judge issued his report and recommendation, but that does not alter the magistrate judge's analysis. The magistrate judge held that the entry of a *nunc pro tunc* order that does not substantially change the sentence in the original order would not implicate Double Jeopardy or affect issues of exhaustion. *See* ECF No. 14 at PageID #: 147-49. The trial court's *nunc pro tunc* entry is not substantially different from what the trial court initially intended when sentencing Petitioner.

[3] Petitioner contends that the magistrate judge erred by not accepting his theory as
(continued...)

4

(4:17CV1645)

As to Petitioner's third objection, the magistrate judge was correct that exhaustion does not apply. That is so, because "Ohio law does not permit an appeal from a judgment entry changed *nunc pro tunc*." Davis v. Coleman, No. 11CV996, 2012 WL 967300, at *6 (N.D.Ohio Mar. 6, 2012) (Burke, Mag. J.) *adopted by* 2012 WL 5385209 (Nov. 1, 2012).

Petitioner contends that the magistrate judge should have relied on Harpster v. State of Ohio, 128 F.3d 322 (6th Cir. 1997) for the proposition that he is entitled to have his Double Jeopardy claim heard before entry of the *nunc pro tunc* judgment. While *Harpster* stands for the proposition that Double Jeopardy challenges are properly heard before the second instance of jeopardy (*see id.* at 325-26), that does not affect the outcome in this case. The Report and Recommendation did not hold that the Double Jeopardy claim was not ripe; it held that the Double Jeopardy claim lacked merit. Thus, *Harpster* does not control, and Petitioner's third objection is overruled.

### IV.  Conclusion

For the foregoing reasons, Petitioner's Objections (ECF No. 15) are overruled and the Report and Recommendation (ECF No. 14) of the Magistrate Judge is hereby adopted. Respondent's supplemental motion to dismiss (ECF No. 10) is granted for the reasons explained

---

³(...continued)
true (ECF No. 15 at PageID #: 151), but he misunderstands the mechanics of a motion to dismiss. When ruling on a motion to dismiss, a court only construes the allegations in a petition in a light most favorable to the petitioner, not the legal conclusions. *See* Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) ("In ruling on a motion to dismiss, the allegations in a pro se petition must be taken as true and construed in favor of the petitioner.").

5

(4:17CV1645)

in the Report and Recommendation.  The Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed as untimely.  The Court certifies that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
|  August 31, 2018  |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |